## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03690-SVW-JC | Date | July 12, 2021 |
| Title | *Guillermo Antonio Solorzano v. Alsco Inc. et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER DENYING [17] MOTION TO REMAND.

Before the Court is Plaintiff's motion to remand.  Dkt. 17.  Plaintiff argues that this Court lacks jurisdiction because Defendant has not adequately established that the amount in controversy exceeds the requisite minimum of $75,000.  *See id.*

Having reviewed the briefing and supporting materials, the Court concludes that the amount in controversy is satisfied.

**First, the base amount of damages for unpaid wages is $49,358**.  The Court calculated that number as follows:

- First, the Court determined an average number of hours worked per week.  The Court analyzed the eleven wage statements predating Plaintiff's allegedly unlawful termination and concluded that Plaintiff worked, on average, 32.29 hours per week.[1]

- Second, the Court calculated the number of weeks between Plaintiff's alleged date of unlawful termination, March 19, 2019, to the date of removal, April 30, 2021.  *See Sasso v. Noble Utah Long Beach, LLC et al.*, 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015)

---

[1] During the eleven weeks preceding his allegedly unlawful termination, Plaintiff worked the following number of hours: 38.0, 11.25, 32.0, 36.0, 35.0, 40.0, 38.0, 30.5, 30.5, 26.0, 38.0  *See* Dkt. 21-1.  The sum of those eleven values is 355.25. That value divided by 11 (*i.e.*, the average number of hours worked per week over 11 weeks) is, rounded down, 32.29.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03690-SVW-JC | Date | July 12, 2021 |
|---|---|---|---|
| Title | *Guillermo Antonio Solorzano v. Alsco Inc. et al.* | | |

(collecting cases and recognizing that the "weight of authority" indicates courts should consider lost wages only through the time of removal). The number of weeks is slightly over 110; the Court rounded down and used the whole number of 110.

- Third, the Court multiplied the number of weeks times the average number of hours worked to determine the total number of hours Plaintiff would have worked absent the allegedly unlawful termination. That value, rounded down, is 3,551.[2]

- Finally, the Court multiplied the total number of hours Plaintiff would have worked absent the allegedly unlawful termination by $13.90, *i.e.*, the hourly rate for Plaintiff's position when he was terminated.

Accordingly, the base amount of damages for unpaid wages is, rounded down, $49,358.[3]

**Second, in addition to unpaid wages, Plaintiff seeks at least the following additional damages**: (1) unpaid overtime compensation in the amount of no less than $579.69; (2) payment of meal and rest period compensation in the amount of no less than $5,802.50; (3) damages pursuant to Labor Code §226 in the amount of no less than $4,000.00; (4) waiting time penalties pursuant to Labor Code in the amount of no less than $3,180.00; and (5) statutory penalties pursuant to Labor Code §1198.5 in the amount of no less than $750.00. **These amounts plus the unpaid wages total $63,670.**

Plaintiff argues that these amounts are speculative, and may not be recoverable because of a pending class action in state court. Yet, these amounts are affirmatively pled in Plaintiff's complaint. Moreover, any assertion that the class action would "potentially impact" Plaintiff's recovery, *see* Reply at 4, is itself speculative.

**Finally, Defendants have established that Plaintiffs, if they prevail, will be entitled to at least $12,000 in attorney's fees.** Future attorney's fees must be included in the amount in controversy.

---

[2] 110 * 32.29 = 3551.9.

[3] 3551 * 13.9 = 49,358.9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-03690-SVW-JC | Date | July 12, 2021 |
| Title | *Guillermo Antonio Solorzano v. Alsco Inc. et al.* | | |

*See* Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018). Even if Plaintiff's counsel charged $300 per hour and expended only 40 hours on this case—an extremely conservative estimate if Plaintiff were to proceed to trial and prevail—then Plaintiff would be entitled to $12,000 in attorney's fees. *See Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014) (adopting $300 per hour rate for Plaintiff's counsel in determining motion to remand).

For the foregoing reasons, the total amount in controversy is at least $75,670. Accordingly, Defendant has proven by a preponderance of the evidence that the amount in controversy is satisfied, and Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer
PMC